## PETER YOUNG *et als. against* DAVID HOSACK.

### IN ERROR.

The 3d section of the act passed in 1804, providing for the sale of unseated lands for taxes, is a statute of limitations.

The defendant in ejectment, having shewn a duplicate, found in the commissioners' office, in which the land in dispute was charged with a tax; a warrant to the sheriff; the sheriff's sale list, and a deed from the sheriff for the land, and that he had been in possession for ten years; it was held, that a plaintiff who had a legal title could not recover the land, in an action commenced more than five years after such sale by the sheriff.

ERROR to the Common Pleas of Mercer county.

This was an action of ejectment, for a tract of land in which the plaintiff in error was the plaintiff below.

The plaintiff exhibited a regular chain of title to the land in dispute.

The defendant proved, that he took possession of the land in the fall of 1815, and has resided thereon ever since; and then offered in evidence a deed from *E. Sankey*, sheriff, to *Thomas Hosack*, dated 13th September, 1808, made by virtue of a sale for taxes.

This evidence having been objected to by the plaintiff, on the ground that no authority to make such sale was shewn, it was rejected.

The defendant's counsel then offered in evidence a paper purporting to be an assessment of road tax, laid on said lot for the year 1804, amounting to $1 80; and also a duplicate, in which this lot was charged with the sum of $1 75, purporting to be the county tax of the year 1805: and a duplicate of road tax for the year 1805, amounting to $1 25; and a duplicate for the year 1806, in which this lot was charged with the sum of $1 25, purporting to be road tax for said year, 1806. It was proved by *Thomas Rogers*, one of the commissioners of Mercer county, that said duplicates were found in the Commissioners' Office, filed as duplicates. And it was admitted said papers were office papers; it was also proved by *John McCoy*, that the defendant went into possession of the land in dispute, in the fall of the year, 1815; and has resided there ever since.

This evidence was objected to by the plaintiff. The objection was over-ruled and exception taken.

The defendant's counsel then offered in evidence a book marked "sheriff's sale-list," and proved by *Hugh Bingham*, that said book was found in the commissioners' office, and was in the

(Peter Young *v.* David Hosack.)

hand writing of their clerk. Also, a paper purporting to be a warrant from the commissioners to sheriff *Sankey* to proceed and sell lands for tax, dated 23d April, 1808.

This evidence was objected to by the plaintiff. The objection was over-ruled and exception taken.

The defendant's counsel then offered in evidence, the deed of *Ezekiel Sankey* sheriff of Mercer county. To which the plaintiff objected:

1st. Because it had not been shewn, that any county tax had been assessed on said lot, at the time of the sale, for the years 1804 and 1806.

2nd. Because no bond for the surplus had been shewn, or offered to be shewn.

3d. Because it had not been shewn, that *Ezekiel Sankey* had given bond and recognizance and was commissioned, according to the provisions of the act of 28th March, 1803.

The Court over-ruled said objections, and received the deed in evidence. To which the plaintiff excepted.

Defendant then proved, that he came into possession of the land by agreement with his brother *Thomas Hosack.*

The Court were requested to charge the jury,

1st. That the defendant in this case, not having shewn that notice was given by the commissioners for four weeks, in three of the daily newspapers of the city of Philadelphia, and in one other newspaper in or nearest the county, that the tax for which it is alleged this land was sold was due, that the sale is void.

2nd. That inasmuch as the county taxes for the years 1804 and 1806 have not been shewn, that the sale by the sheriff of the land in dispute is void.

3d. That it not having been shewn, that *Thomas Hosack,* the purchaser, gave a bond for the surplus money remaining after the taxes, which have been shewn in evidence, and the costs were paid to the sheriff, that the sale is void.

4th. That unless the jury are satisfied, from the evidence, that the sheriff's sale-list, given in evidence, was annexed to the commissioners' warrant, or given by them to the sheriff with the warrant, that the sheriff had no authority to sell this land, and that the plaintiff in that case would be entitled to recover.

To which the Court answered:

*Shippen,* President.—By the act for the sale of unseated lands for taxes, "no action for the recovery of such lands shall lie, unless the same be brought, within five years after the sale thereof for taxes." This act has been solemnly decided by the Supreme Court of the state, to be a statute of limitations; and as a statute of limitations, we are bound to take it as applicable to this case.

Plaintiffs have shewn a patent title without actual possession. The defendant has shewn that he entered on the land in the fall of 1815, under a deed, made in pursuance of a sale for taxes; and that he moved on the land next spring, and has continued there ever since, and made valuable improvements.  The sheriff's deed under the sale for taxes has been shewn.  The warrant from the commissioner to the sheriff is shewn; and the assessments of both county and road taxes are shewn.  The assessments are shewn as the authority of the commissioners to issue their warrant; and the warrant as the authority of the sheriff to make the sale and conveyance.  Under this proof and these circumstances, the court refuse to decide that this deed is void, as requested in the 1st, 2d, and 3d points made by plaintiffs.

A warrant to sell a tract of land, should describe the land, or it should be described in a schedule annexed or accompanying the warrant.  It is not essential that it should be fastened to the warrant.  I am satisfied of this, by the decision of the Supreme Court in *Luffborough* v. *Junkin*, in which case *Mr. Shannon*, a commissioner who signed the warrant, testified that the list *was not annexed* when he signed the warrant, but that the clerk was directed to furnish the sheriff with a list of tracts to sell.  That warrant and list was decided to be good.  Now, if the jury are satisfied that this list was made out by the order of the commissioners, and accompanied the warrant, or came to the hands of the sheriff, then the warrant and authority to the sheriff to sell, is sufficiently made out, and the sheriff's deed would vest a good title in the purchaser.

The charge of the Court was excepted to.

Errors assigned—1st. The Court erred in receiving in evidence the assessments or duplicates, sheriff's sale list, commissioners' warrant, and sheriff's deed; as stated in first, second and third bills of exceptions.

2nd. In not charging the jury, as requested in the 1st and 3d points, put by plaintiff's counsel.

3d. In charging the jury that the act for the sale of unseated lands for taxes, operated as a statute of limitations, as applicable to this case.

4th. In charging the jury, that if the list was made out by the order of the commissioners, and accompanied the warrant, or came to the hands of the sheriff, then the warrant and authority to the sheriff to sell is sufficiently made out, and the sheriff's deed would vest a good title in the purchaser.

*S. B. Foster* and *Banks* for plaintiff in error.

The limitation contained in the 3d section of the act of 1804,

(Peter Young *v.* David Hosack.)

*Purd. Dig.* 783, was only intended to cure apparent irregularities, which the lapse of time would make it difficult to explain, but not to dispense with the positive requisitions of the act, 1 *Wheaton*, 476. In this case there was no evidence of the appointment of assessors, no oath administered to them, no advertisement of the tax due and time of sale. These are important requisites, the omission of which are not irregularties, but total omission. The 2d section of the act provides, that one year shall elapse from the time of assessment, before a sale shall be made, of which at least four week's notice shall be given. Can the Court presume that this time did elapse, and that this notice was given? There was no evidence that a bond was given for the surplus; which renders the sale void. *Sutten* v. *Nelson*, 10 *Serg. & Rawle*, 238.

The duplicate given in evidence, did not prove the fact for which it was offered. It did not prove that a tax was due. The assessment of a tax must be founded upon the triennial assessment, without which it is void, *Stewart* v. *Shoenfelt*, 13 *Serg. & Rawle*, 378. It cannot be that a mere deed, without authority to make the sale, will give a title, by which the rightful owner is deprived of his land, and that too, without any evidence that a bond was given, upon which he might recover the surplus. Cited: *Waln* v. *Shearman*, 8 *Serg. & Rawle*, 368. *Birch* v. *Fisher*, 13 *Serg. & Rawle*, 209. *Stewart* v. *Shoenfelt*, 13 *Serg. & Rawle*, 368.

*Ayres* for defendant in error. Stopped by the Court.

Judgment affirmed.

———•❃❂❃•———

## ADAM STEINBROOK *against* JACOB STEINBROOK.

### IN ERROR.

Upon a judgment, entered on a special verdict, being reversed by the Supreme Court, and sent back to be more particularly stated, the cause may be arbitrated by either party.

ERROR to the common pleas of Crawford county.

This was an action of ejectment, for a tract of land, brought by *Jacob Steinbrook* against *Adam Steinbrook*. A jury having been sworn and the testimony heard, the Court delivered their charge to the jury, which the parties then agreed should be considered in the nature of a special verdict. The Court entered a